IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MELISSA CLEVELAND, | : |
| | : |
| Plaintiff, | : |
| | :   Civil Action File |
| v. | : |
| | :   No._____ |
| NCEP, LLC, a Nevada limited liability company, and | : |
| | : |
| VEGALO, LLC d/b/a Frontier Financial Group, a Nevada limited liability company, | : |
| | : |
| NORTH AMERICAN ASSET SERVICES, LLC d/b/a Frontier Financial Group, a Nevada limited liability company, and | : |
| | : |
| STONELEIGH RECOVERY ASSOCIATES, LLC, an Illinois limited liability company, | :   **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |

**FIRST AMENDED COMPLAINT**

1.  This is an action for damages against the defendants for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and supplemental state law claims.

- 2 -

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337 and 15 U.S.C. § 1692k(d).

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.

4. Venue in this District is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and the defendants are subject to the court's personal jurisdiction with respect to the civil action in question.

## PARTIES

5. Plaintiff is a natural person who resides in Eastanollee, Georgia and is authorized to bring this action.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant NCEP, LLC is a limited liability company organized under the laws of the State of Nevada. [Hereinafter said defendant is referred to as "NCEP."]

8. NCEP is subject to the jurisdiction and venue of this Court.

9. NCEP may be served by personal service on its registered agent and officer at its registered office in the state of Nevada, to wit: Registered Agents Legal Services, Ltd., 113 N. Curry Street, Carson City, Nevada, 89703, or wherever said agent may be found.

10. NCEP regularly uses the mails and telephone communications in a business the principal purpose of which is the collection of debts.

11. NCEP regularly purchases consumer debts after said debts are in default.

12. NCEP does not originate any new debt.

13. NCEP regularly collects or attempts to collect consumer debts which were owed or due, or asserted to be owed or do another creditor.

14. NCEP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

15. NCEP has a stable of third party debt collectors it uses to collect defaulted debt, which includes but is not limited to the other named defendants along with an unnamed collector Firsel Law Group, Ltd.

16. Defendant VEGALO, LLC is a limited liability company organized under the laws of the State of Nevada.  [Hereinafter said defendant is referred to as "VEGALO."]

17. Defendant VEGALO uses a fictitious company name of Frontier Financial Group when corresponding with consumers.

18. Defendant VEGALO's business entity registration with the Nevada Secretary of State has been revoked, but VEGALO remains listed as an active foreign business entity in one or more other states including, but not limited to, California.

19. VEGALO is subject to the jurisdiction and venue of this Court.

20. VEGALO may be served by personal service on its registered agent and officer at its registered office in the State of Nevada, to wit: Paula Engelbrecht, 849 Gleamstar Avenue, Las Vegas, NV 89123, or wherever said agent may be found.

21. Alternatively, VEGALO may be served by personal service on its registered agent in the state of California, to wit: CSC Lawyers, Inc., 2710 Gateway Oaks Drive, 150N, Sacramento, CA 95833, or wherever said agent may be found.

22. Defendant NORTH AMERICAN ASSET SERVICES, LLC is a limited liability company organized under the laws of the State of Nevada. [Hereinafter said defendant is referred to as "NAAS"]

23. Defendant NAAS uses a fictitious company name of Frontier Financial Group when corresponding with consumers.

24. NAAS is subject to the jurisdiction and venue of this Court.

25. NAAS may be served by personal service on its registered agent and officer at its registered office in the State of Nevada, to wit: Nora B. Hernandez, 1291 Galleria Drive, Suite 230, Henderson, NV 89014, or wherever said agent may be found.

26. Alternatively, NAAS may be served by personal service on its registered agent in the state of Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092, or wherever said agent may be found.

27. NAAS regularly uses the mails and telephone communications in a business the principal purpose of which is the collection of debts.

28. NAAS regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or do another.

29. NAAS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

30. Defendant STONELEIGH RECOVERY ASSOCIATES, LLC is a limited liability company organized under the laws of the State of Illinois. [Hereinafter said defendant is referred to as "STONELEIGH."]

31. STONELEIGH is subject to the jurisdiction and venue of this Court.

32. STONELEIGH may be served by personal service on its registered agent at its registered office in the state of Georgia, to wit: Corporation Service

Company, 40 Technology Parkway South, Suite 300, Norcross, GA  30092, or wherever said agent may be found.

33. Alternatively, STONELEIGH may be served by personal or substitute service at its principal place of business at 810 Springer Drive, Lombard, Illinois 60148.

34. STONELEIGH regularly uses the mails and telephone communications in a business the principal purpose of which is the collection of debts.

35. STONELEIGH regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or do another.

36. STONELEIGH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

37. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully pray that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

38. In late February of 2013, Plaintiff received a letter from a collection agency identified as Frontier Financial Group located in Henderson, Nevada.

39. Frontier Financial Group is a false name that has been used by both defendants VEGALO and NAAS.

40. An initial correspondence from Frontier Financial Group was dated February 22, 2013 and attempted to collect the sum of $6,925.80 from Plaintiff on a personal consumer debt allegedly owed to HSBC.

41. This letter was sent by either NAAS or VEGALO.

42. The letter does not identify the actual legal name of the true party collecting the debt.

43. This HSBC debt at issue was a disputed personal Master-Card credit card debt that the Plaintiff allegedly incurred to pay for purchase of personal and household items such as groceries and items for her home.

44. At all times relevant to this case, this HSBC debt had been in default for a period of time exceeding seven years and one hundred eighty days.

45. Shortly after the mailing of the initial letter from either NAAS or VEGALO and extending at least through the end of the month of April 2013, Plaintiff received numerous telephone calls and messages from several employees of Frontier Financial Group to both her work and cell phone numbers.

46. These calls to her work an cell phone were either generated by VEGALO or NAAS.

47. Plaintiff was able to preserve several of these messages.

48. On at least one occasion, a collection agent spoke about the debt to a co-worker of Plaintiff.

49. The telephone conversation with Plaintiff's co-worker caused Plaintiff great embarrassment.

50. The telephone messages left by either the VEGALO or NAAS employees included false threats of litigation.

51. Telephone calls from either VEGALO or NAAS employees stated that the HSBC debt would be turned over to its "legal team" to audit and conduct a thorough investigation of Plaintiff.

52. At no time did VEGALO or NAAS have any intention to follow through with its threats of litigation.

53. This HSBC debt is outside of the applicable Georgia statute of limitations for legal action.

54. All VEGALO or NAAS employees contacting Plaintiff use a fictitious name for their employer other than VEGALO or NAAS's true corporate name.

55. One male employee of either VEGALO or NAAS referred to his employer as "Financial Group" in a telephone message.

56. Another female employee referred to the same company with a different name of "Frontier Financial Group" in several telephone messages.

57. All VEGALO or NAAS telephone collectors using the name Frontier Financial Group or Frontier Group create a false sense of urgency by making demands for immediate return calls.

58. VEGALO and NAAS using the name Frontier Financial Group or Frontier Group employees are trained to give false deadlines to consumer debtors.

59. On or about December 5, 2013, Plaintiff received a collection letter from STONELEIGH attempting to collect the sum of $7,177.91 on the same HSBC debt.

60. The amount STONELEIGH stated as the balance due is inconsistent with the information reported by STONELEIGH's client (NCEP, LLC) to credit reporting agencies.

61. On or about January 20, 2014, Plaintiff received a collection letter regarding this same debt from a non-party law firm acting as a collection agency.

62. The January 20, 2014 law firm letter states a much lower balance ($5,410.00) on the same HSBC debt.

63. The much lower stated balance by the law firm is significantly less than the balances attempted to be collected by VEGALO or NAAS d/b/a Frontier Financial Group and STONELEIGH.

64. The balance stated by the lawfirm in its January 20, 2014 letter is also much lower than the amount reported to all of the credit reporting agencies by the debt owner, NCEP.

65. Defendants STONELEIGH and VEGALO or NAAS both added unauthorized charges, fees or costs to their demand letters.

66. Defendants do not disclose any reason why their demanded amounts exceed the balance demanded by the law firm.

67. Defendant NCEP reported an amount in excess of what was actually owed on the account during an extended period in 2013 to one or more credit reporting agencies.

68. Defendant NCEP has also either failed to provide a date of default, or alternatively, has provided a false date of default that is later than the actual default date to one or more credit reporting agencies.

69. Falsely reporting the default date to one which is a later date will cause the account to remain as a negative item on Plaintiff's credit report for a period exceeding the statutory maximum time allowed by federal law of seven years and one hundred eighty days after an uncured default.

70. This extended false reporting has and will continue in the future to adversely affect Plaintiff's credit score.

71. At various times while NCEP's false credit report regarding the amount and age of the alleged debt was on Plaintiff's consumer credit reports, said reports where requested by and published to various actual and potential creditors.

72. As a direct and proximate result of NCEP's false credit reporting, Plaintiff has suffered actual damages in the form of harm to credit reputation and credit score in an amount to be determined by the jury.

73. At all times pertinent hereto, all of the Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

74. As a debt collector, NCEP is liable for the actions of its collection agents, VEGALO, NAAS and STONELEIGH.

75. At all times pertinent hereto, the conduct of all the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

76. Defendants acted with specific intent to injure Plaintiff.

77. Plaintiff has complied with all conditions precedent, if any, to bring this action.

## CAUSES OF ACTION

### COUNTY ONE: FAIR DEBT COLLECTION PRACTICES ACT

78. The acts of defendants as described above constitute violations of the Fair Debt Collection Practices Act.

79. Defendants' violations of the FDCPA include, but are not limited to, the following violations of 15 U.S.C. sections 1692e, 1692f and 1692g:

80. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

81. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

82. The use of a false representation of the character, amount, or legal status of any debt, including the legal status of the entire debt and the collectability of the administrative collection fee, in violation of 15 U.S.C. section 1692e(2)(A);

83. Communicating to any person credit information which is known or which should be known to be false, in violation of 15 U.S.C. section 1692e(8);

84. The use of any false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. section 1692e & e(10);

85. The collection of or attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is permitted by law, including

        the entire debt and the administrative collection fee, in violation of 15 U.S.C. section 1692f(1);  and

86.    The use of any business, company or organization name other than the true name of the debt collectors business, in violation of 15 U.S.C. section 1692e(14).

87.    As a result of said defendants' actions, Plaintiff is entitled to an award of 1) actual damages, 2) statutory damages, as well as 3) an award of costs and attorney fees.

### COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

88.    Defendants' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

89.    As a result of defendants' actions, Plaintiff is entitled to an award of 1) actual damages, including general damages for embarrassment, worry, concern, anxiety and emotional distress, 2) treble damages, 3) exemplary damages, as well as 4) an award of costs and attorney fees.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendants for:

    A.    Actual damages,

    B.    Statutory damages,

    C.    Treble damages,

    D.    Exemplary damages,

    E.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3) and O.C.G.A. § 10-1-399, and

    F.    Such other or further relief as the Court deems proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:    /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
SKAAR & FEAGLE, LLP - Decatur
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

        Kris Skaar
        Georgia Bar No. 649610
        krisskaar@aol.com
        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        SKAAR & FEAGLE, LLP - Marietta
        P.O. Box 1478
        331 Washington Ave.
        Marietta, GA 30061-1478
        770 / 427-5600
        404 / 601-1855 fax

**HURT STOLZ, P.C.**

by:   /s/  James W. Hurt, Jr.
       James W. Hurt, Jr.
       Georgia Bar No.  380104
       345 West Hancock Avenue
       Athens, Georgia 30601
       (706) 395-2750
       Facsimile:  (866) 766-9245
       jhurt@hurtstolz.com

       ATTORNEYS FOR PLAINTIFF